UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHELLEY BROTEN,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | CASE NO. C13-1461JLR<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

## I.   INTRODUCTION

This matter comes before the court on the Report and Recommendation ("R&R") of United States Magistrate Judge James P. Donohue (R&R (Dkt. # 28)), and the objections of the Commissioner of Social Security ("Commissioner") thereto (Obj. (Dkt. # 29)).  The court has carefully reviewed the foregoing, all other relevant documents, and the governing law.  The court ADOPTS the R&R (Dkt. # 28), REVERSES the decision of the Commissioner, and REMANDS the case for further consideration.

ORDER- 1

## II.     BACKGROUND

On August 6, 2009, Shelley Broten filed an application for Supplemental Security Income ("SSI"). (AR (Dkt. # 19) at 150-53.) She alleged impairments of attention deficit disorder, anxiety, depression, and chronic fatigue with an onset date of 2000, later amended to 2009. (AR at 150.) The Commissioner denied Ms. Broten's claim initially (AR at 62-69) and upon reconsideration (AR at 73-77). Ms. Broten requested a hearing before an administrative law judge ("ALJ"), which took place on November 1, 2011. (AR at 40-59.)

On November 17, 2011, the ALJ found that Ms. Broten was not disabled. (AR at 24-35.) The ALJ followed the five-step sequential process in 20 C.F.R. § 416.920(a) to make this determination. (AR at 25.) At step one, the ALJ found that Ms. Broten had not been engaged in substantial gainful activity since the date of her initial claim. (AR at 27). At step two, the ALJ found that Ms. Broten's attention-deficit hyperactivity disorder ("ADHD") was a severe impairment, but he rejected her diagnoses of chronic fatigue, anxiety, and depression. (AR at 27-28.) At step three, the ALJ found that Ms. Broten's ADHD did not "meet[] or medically equal[] the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1" because the ALJ found that Ms. Broten's ADHD did not impose marked limitations on her daily living, social functioning, concentration, persistence, or pace. (AR at 28-29.)

The ALJ found that Ms. Broten retained the capacity to work. At step four, the ALJ assessed Ms. Broten's residual functional capacity ("RFC") to include "average or moderate ability to perform sustained work activities." (AR at 29-30.) The ALJ based

1  Ms. Broten's RFC on his findings that (1) her testimony was not credible as to the
2  severity of her impairments (AR at 30), (2) the evidence provided by medical
3  professionals indicated "moderate symptoms," not disabling symptoms (AR at 31), and
4  (3) Ms. Broten's medications were "helpful in controlling her symptoms" (AR at 31).  At
5  step five, the ALJ found that Ms. Broten could perform jobs which exist in significant
6  number in the national economy.  (AR at 34-45.)  The ALJ based this finding on a
7  hypothetical that he had posed to a vocational expert ("VE").  (AR at 34-35.)  The
8  hypothetical posed to the VE assumed, in line with the RFC, "average or at least
9  moderate ability to perform sustained work activities."  (AR at 55-56.)
10        The Appeals Council denied Ms. Broten's request for review of the ALJ's
11 decision.  (AR at 1-7.)  As a result, the ALJ's decision is the "final decision" of the
12 Commissioner.  (AR at 1.)  Ms. Broten sought judicial review of the Commissioner's
13 decision (s*ee* Compl. (Dkt. # 3)), and the case was assigned to Magistrate Judge Donohue
14 (Minute Order (Dkt. # 12)).
15        Ms. Broten challenged the ALJ's determinations at steps two, three, and five.  Ms.
16 Broten argued to Magistrate Judge Donohue that the ALJ improperly discounted medical
17 evidence that supported diagnoses of anxiety, fatigue, and depression.  (Pl.'s Opening Br.
18 (Dkt. # 25) at 2-8.)  In addition, Ms. Broten contended the RFC and the VE hypothetical
19 were in error.  (*Id.* at 9-14.)  She argued that the ALJ erred when he failed to incorporate
20 functional limitations supported by medical evidence into his assessment of Ms. Broten's
21 RFC.  (*Id.* at 9-12.)  The ALJ also posed a hypothetical to the VE on the basis of the
22 RFC.  (*Id.* at 12-14.)  The hypothetical did not mention functional limitations.  (*Id.*)  As a

result, Ms. Broten contended the VE's response to the hypothetical is not substantial evidence of jobs she could perform. (*Id.* at 12-14.)

Magistrate Judge Donohue issued an R&R recommending that the decision of the Commissioner be reversed and remanded. (R&R at 11-12.) First, Magistrate Judge Donohue found that the ALJ's failure to address medical evidence provided by treating medical providers Shepherd and Cantrell ("Shepherd/Cantrell report") was harmful error. (*Id.* at 8-9.) The ALJ had ignored the Shepherd/Cantrell report, even though it recited diagnoses of anxiety and depression—diagnoses the ALJ had rejected. (*Id.*) Second, Magistrate Judge Donohue recommended remand because the RFC and hypothetical were in error. (*Id.* at 9-11.) The ALJ had placed weight on the medical opinions of Dr. Kathleen Andersen, Dr. Phyllis Sanchez, and Dr. Steven Haney, but the ALJ did not incorporate the limitations indicated by these medical providers into the RFC or the hypothetical. (*Id.*)

The Commissioner objects to the R&R and requests this court's review.[1] (Obj. at 1-2.) First, the Commissioner argues that the ALJ adequately incorporated the evidence he relied upon into the RFC. (*Id.* at 2-7.) Second, the Commissioner argues that the ALJ's failure to address the Shepherd/Cantrell report was not error because the report was redundant. (*Id.* at 7-10.) Finally, the Commissioner argues that any error by the ALJ was harmless. (*Id.* at 8-9.) The Commissioner's objections are now before the court.

//

---

[1] The Commissioner incorporates the arguments from her initial responsive brief before Magistrate Judge Donohue (Dkt. # 26) into her objections to the R&R. (Obj. at 1.)

## II.     STANDARD OF REVIEW

A district court has jurisdiction to review a Magistrate Judge's R&R on dispositive matters. *See* Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the R&R to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.*

## III.    DISCUSSION

**A.     Residual Functional Capacity**

Ms. Broten challenged the ALJ's determination of her RFC. After reviewing her claim, Magistrate Judge Donohue recommended reversal and remand. The court agrees and, therefore, adopts Magistrate Judge Donohue's recommendation.

The ALJ assesses the claimant's RFC at the fourth step in determining disability. 20 C.F.R. § 416.920(a)(4)(iv). In doing so, the ALJ looks for "impairment(s) and any related symptoms . . . that affect what [the claimant] can do in a work setting." 20 C.F.R. § 416.945(a)(1). The ALJ must "assess [the claimant's RFC] based on all of the relevant medical and other evidence." 20 C.F.R. § 416.945(a)(3). If the ALJ accepts medical evidence indicating a limitation in the claimant's capacity, he must credit that limitation

in the RFC.  20 C.F.R. § 416.920, 416.945.  Otherwise, he must reject the medical evidence supporting the limitation.  See 20 C.F.R. § 416.945.

The RFC must include all functional limitations that are not rejected.  Limitations do not need to be disabling to be included in the RFC.  See 20 C.F.R. § 416.945(e) ("[W]e will consider the limiting effects of all your impairment(s), even those that are not severe.").  On the contrary, the regulations structure the determination to include all limitations at step four.  See 20 C.F.R. § 416.920.  As a result, all limitations that are not rejected must be credited in the RFC.  SSR (Social Security Ruling) 96-8p, 1996 WL 374184, at *1 (July 2, 1996) ("The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945.").

      1.  <u>Dr. Andersen's Report</u>

Magistrate Judge Donohue recommended remand because the ALJ had neither credited nor rejected the limitations Dr. Andersen had noted in her medical opinion.  (R&R at 9-10.)  The court agrees.

Dr. Andersen evaluated Ms. Broten and wrote a medical evaluation on February 2, 2011.  (AR at 436-40.)  Dr. Andersen notes a number of functional limitations relevant to the RFC.  Dr. Andersen notes that Ms. Broten would have "mild difficulty remembering and following simple instructions," "moderate difficulty remembering and following more complex instructions related to difficulty with attention and concentration," and "moderate difficulty learning new tasks."  (AR at 439.)  Dr. Andersen further states that

Ms. Broten's "[a]bility to perform routine tasks would be moderately impaired," that she "would likely appear to be anxious and disorganized in a work setting," and that she "could likely be perceived as being inappropriate in contacts with coworkers and supervisors . . . [resulting in] moderate impairment." (AR at 439.) Dr. Andersen notes that Ms. Broten's symptoms are "[p]otentially . . . treatable" and hopes treatment, if successful, would allow Ms. Broten to "return to full-time employment." (AR at 440.)

The ALJ neither credited the functional limitations identified by Dr. Andersen in the RFC nor rejected them. (AR at 29-31.) The ALJ noted these functional limitations, but discounted them as "not what one would expect for a person who is disabled." (AR at 31.) The ALJ, nevertheless, placed "[s]ignificant weight" and "great weight" on Dr. Andersen's opinions. (AR at 32.) He did not register any disagreement with her findings. (AR at 32.)

This is a reversible error. An ALJ must either reject functional limitations or credit them in the RFC, especially where the ALJ has placed great weight on the underlying medical evidence. *See Carmickle* v. *Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2007). If the ALJ rejects limitations supported by medical evidence, he must explain why. *See Van Sickel v. Astrue*, No. 09-15509, 2010 WL 2640224, at *2 (9th Cir. June 30, 2010). The ALJ's statement that the moderate limitations are not disabling does not challenge the veracity of Dr. Andersen's conclusions. Indeed, he placed great weight on Dr. Andersen's conclusions generally and provided no reasons to doubt the specific functional limitations. The court, therefore, adopts the portion of Magistrate Judge Donohue's R&R recommending remand because the ALJ's placed great weight upon Dr.

Andersen's medical evidence but failed to credit the limitations in Dr. Andersen's report. (*See* R&R at 9-10.)

The Commissioner's arguments regarding Ms. Broten's treatment and medications do not convince the court otherwise. Dr. Andersen mentioned the possibility of an improved prognosis for Ms. Broten were Ms. Broten to receive additional treatment. (AR at 440.) Dr. Andersen's comment was made, however, in the context of an overall report which details numerous functional limitations in spite of existing treatments and medications. (*Compare* AR at 437, *with* AR at 440.) Although the ALJ emphasized Ms. Broten's admissions that her medications "helped her to stay focused," the ALJ fails to articulate why Ms. Broten's ability to stay focused with medication justifies the rejection of all of the functional limitations in Dr. Andersen's report.[2] (*See* AR at 31.) Dr. Andersen's report identified many functional limitations in spite of Ms. Broten's existing treatments and medications. (*See* AR at 437, 439.)

The Commissioner argues that the RFC does reflect the functional limitations identified by Dr. Andersen. The court disagrees. The Commissioner's argument would require the court to sustain the ALJ when he reconstrues a functional limitation as its opposite—a statement of faculty. The medical evidence does not support this reframing. Dr. Andersen found numerous mild and moderate limitations in Ms. Broten's ability. Quite differently, the RFC found that Ms. Broten has "average or moderate ability to

---

[2] Even if medication helps Ms. Broten to stay focused, staying focused does not indicate an absence of functional limitations. Problems with focus were not the only type of functional limitation identified by Dr. Andersen. (*See* AR at 440.)

perform sustained work activities." (AR at 30.) Magistrate Judge Donohue assessed the Commissioner's arguments equating the RFC with Dr. Andersen's language. (R&R at 9 n.5.) Magistrate Judge Donohue agreed with the Commissioner that "moderate means in the middle of the severity spectrum," but made the key point that the scale measures "impairment, not ability." (R&R at 9 n.5.) In its own review of the RFC, the court cannot find any statement in the RFC which suggests impairment of Ms. Broten's abilities. (*See* AR at 29-30.)

Ninth Circuit decisions do not support the Commissioner in reframing a limitation as an ability. The Commissioner cites case law to suggest that the Ninth Circuit has accepted similar reframing in the past. Based on its own review of relevant authorities, the court concludes the Ninth Circuit has not. In *Valentine v. Commissioner*, the Ninth Circuit accepted an RFC where "[m]oderate is defined as limited but satisfactory," but the ALJ in *Valentine* had credited "moderate *restrictions*," not moderate ability. 574 F.3d 685, 690-91 (9th Cir. 2009) (italics added). Likewise, in *Thomas v. Barnhart*, the Court accepted testimony of a VE finding that there were jobs which the claimant in that case could perform, even after accounting for marked and moderate functional limitations. 278 F.3d 947, 952-55 (9th Cir. 2002). In *Thomas*, however, the RFC and the resulting hypothetical accounted for the functional limitations noted in the medical evidence. *See id.* In this case, the ALJ's decision would not have been in error if the ALJ had credited Dr. Andersen's limitations, or if he had provided reasoning to reject them, and the RFC-based hypothetical had still indicated jobs Ms. Broten could perform. Unfortunately, the

ALJ did neither in this case.  Accordingly, the court adopts Magistrate Judge Donohue's recommendations that the case be remanded.  (R&R at 9-10.)

### 2. Dr. Sanchez's Report

Similarly to Dr. Andersen's report, the report of Dr. Sanchez indicated a functional limitation, which the ALJ neither credited in the RFC nor rejected.  (AR at 329-40.)  The ALJ gave Dr. Sanchez's report "some weight," rejecting Dr. Sanchez's opinion that Ms. Broten had "marked difficulties with exercising judgment" and "moderate problems performing routine tasks."  (AR at 33.)  The ALJ, however, accepted Dr. Sanchez's opinions finding "mild to moderate limitations of social functioning."  (AR at 33.)  As with Dr. Andersen's report, the ALJ failed to credit this limitation in the RFC.  The aforementioned authorities require the ALJ to either credit or reject functional limitations noted by the medical evidence, even though the functional limitations are not found to be disabling.  The ALJ did not do this with respect to Dr. Sanchez's report.  Magistrate Judge Donohue noted the failure of the ALJ to credit these functional limitations (R&R at 9-10) and, therefore, the court adopts the R&R with respect to Dr. Sanchez's report and the RFC.

### 3. Dr. Haney's Report

Likewise, the ALJ improperly failed to include a functional limitation indicated in a report by Dr. Haney.  The ALJ gave Dr. Haney's opinions "great weight."  (AR at 32.)  Dr. Haney opined that Ms. Broten "may experience some difficulty with extended concentration and maintaining attendance/pace in the workplace."  (AR at 411.)  As with the reports by Dr. Andersen and Dr. Sanchez, the ALJ noted that these limitations did not

1 | amount to disability, but the ALJ neither credited those limitations in the RFC nor
2 | rejected the limitations.  The court, therefore, adopts the recommendation of Magistrate
3 | Judge Donohue with respect to Dr. Haney's report.  (R&R at 10.)  The ALJ must either
4 | credit this limitation in the RFC or reject it.

**B.    Vocational Expert Hypothetical**

The VE hypothetical is also erroneous.  Above, the court finds that the RFC did not adequately reflect functional limitations, which were identified in the medical evidence and which the ALJ did not reject.  The ALJ used this RFC as the basis for his hypothetical to the VE.  As a result, the hypothetical did not include the functional limitations indicated in the reports of Dr. Andersen, Dr. Sanchez, and Dr. Haney.  The hypothetical posed to the VE is, therefore, in error.

The Commissioner contends that the ALJ made harmless errors when he did not account for these functional limitations.  The Ninth Circuit has deemed errors harmless where the ALJ committed an error, but the reviewing court is "able to conclude from the record that the ALJ would have reached the same result absent the error." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir.1990)).

The error was not harmless.  The court cannot conclude that the ALJ would have reached the same result in this case if the RFC had reflected the functional limitations included in medical evidence discussed above.  Counsel for Ms. Broten posed a separate hypothetical to the VE which mentioned "problems with attention and concentration, moderate difficulties making decisions due to procrastination or anxious rumination,

ORDER- 11

moderate ability to perform routine tasks, and . . . moderate[] interfere[ance] with other co-workers due to inappropriate contacts during the workday." (AR at 57.) Ms. Broten's counsel then defined moderate as "10 % of a work hour or 10 % of a workday." (AR at 58.) In response to the hypothetical posed by Ms. Broten's counsel, the VE expert noted that such an individual would "not retain employment." (AR at 58.)

The VE's response to this hypothetical shows the ALJ's hypothetical to be harmful error. A 10 % difference in RFC's assessment of Ms. Broten's impairment appears to lead to a different conclusion regarding the availability of jobs in the national economy. Upon remand, therefore, the ALJ must either reject those limitations in the above sources or accept them. If the ALJ accepts them, he must incorporate them into the RFC and hypothetical posed to the VE. Accordingly, the court adopts Magistrate Judge Donohue's recommendation with regard to the hypothetical posed to the VE. (R&R at 11.)

**C.     Rejection of the Shepherd/Cantrell Report**

Ms. Broten challenged the ALJ's decision on the grounds that it ignored the Shepherd/Cantrell report. Magistrate Judge Donohue agreed with Ms. Broten. Upon its own independent review, the court agrees.

An ALJ may not ignore probative medical evidence in determining disability. *See, e.g.*, SSR 96-5p, 1996 WL 374183, at *3 (July 2, 1996) ("[O]pinions from any medical source on issues reserved to the Commissioner must never be ignored. The adjudicator is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability.") He may reject medical evidence, but to do so,

ORDER- 12

he must at least provide "specific and legitimate reasons" supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

Courts may draw reasonable inferences to discern why an ALJ has rejected medical evidence. The ALJ need "not recite the magic words, 'I reject [this doctor's] opinion about [this issue] . . .' [because] our cases do not require such an incantation" to reject medical evidence. *Id.* at 755. Instead, reviewing courts may draw "specific and legitimate inferences from the ALJ's opinion." *Id.* The reviewing court may only draw inferences, however, "if those inferences are there to be drawn." *Id.*

The Shepherd/Cantrell report (1) details Ms. Broten's self-reported symptoms, (2) recites diagnoses of with Major Depressive Disorder, Generalized Anxiety Disorder, Attention Deficit Disorder, Chronic Fatigue Syndrome, and Arthritis, among other diagnoses, (3) opines that Ms. Broten suffered "significant episode[s] of decompensation with inability to work consistently," and (4) requests that Ms. Broten be considered for disability. (AR at 442-44.) Although much of the Shepherd/Cantrell report relies upon Ms. Broten's self-reported symptoms, the report also includes diagnoses and analysis of the symptoms. (AR at 444.)

The ALJ makes clear that the diagnoses of Dr. Meinz, Dr. Haney, and Dr. Andersen conflict. The ALJ references the report of Dr. Meinz, which found that Ms.

Broten's depressive and anxious symptoms "do not rise to the level of a clinical disorder." (AR at 28.) Likewise, the ALJ cites Dr. Andersen who "attributed the claimant's depression reports to her ADHD and diagnosed her with generalized anxiety disorder," before the ALJ notes that Dr. Haney had rejected both diagnoses. (AR at 28.) Because these diagnoses conflict with the diagnoses in the Shepherd/Cantrell report, the ALJ could have rejected the Shepherd/Cantrell diagnoses with specific and legitimate reasons, supported by substantial evidence. *Lester*, 81 F.3 at 830. The ALJ did not need clear and convincing reasons. *Id.*

The ALJ does not provide specific and legitimate reasons to reject the Shepherd/Cantrell report. Instead, the ALJ improperly ignored the report. (*See* AR at 25-35.) The ALJ's opinion does indicate an awareness of Ms. Broten's diagnosis with "anxiety and depressive disorders," but the Shepherd/Cantrell report is not discussed. (AR at 28.) Even after drawing inferences, the court cannot discern specific and legitimate reasons in the record explaining why the ALJ rejected the Shepherd/Cantrell report. The court cannot find a basis in the administrative record from which the court could legitimately infer specific and legitimate reasons to credit the diagnoses of Dr. Meinz and Dr. Haney over the diagnoses in the Shepherd/Cantrell report.[3] For this

---

[3] The court makes no findings on the relative merit of the diagnoses in the record. This weighing is for the ALJ to undertake upon remand. The ALJ might have substantial evidence to sustain a preference for the diagnoses of Dr. Meinz and Dr. Haney over the diagnoses contained in the Shepherd/Cantrell report. The ALJ did not, however, provide sufficient justification to sustain that preference when he failed to address the Shepherd/Cantrell report.

ORDER- 14

reason, the court adopts the R&R of Magistrate Judge Donohue and remands the case for reconsideration. (R&R at 8-9.)

## IV. CONCLUSION

For the foregoing reasons, the court hereby ORDERS as follows:

(1) The court ADOPTS the Report and Recommendation (Dkt. # 28) in its entirety;

(2) The court REVERSES and REMANDS the decision of the ALJ for reconsideration; and

(3) The court DIRECTS the Clerk to send copies of this Order to the Commissioner, to counsel for Ms. Broten, and to Magistrate Judge Donohue.

Dated this 10th day of July, 2014.

JAMES L. ROBART
United States District Judge

ORDER- 15